**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ONSCREEN DYNAMICS LLC,**

Plaintiff, v.

**H GREG AUTO ORLANDO, INC.,**
,

Defendant.

**Case No.**

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff, ONSCREEN DYNAMICS, LLC ("Onscreen Dynamics" or "Plaintiff"), files this Complaint for patent infringement against Defendant, HGREG AUTO ORLANDO, INC. ("HGreg Auto Orlando" or "Defendant"), and alleges as follows:

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001.

3. Upon information and belief, Defendant is registered as a foreign entity under the laws of the State of Florida.

4. Upon information and belief, Defendant maintains a corporate office at

2510 Jetport Drive, Suite A, Orlando FL 32809.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because Defendant has engaged in systematic and continuous business activities in this District, including by having a business location in Orlando, Florida in this District and using a website, https://hgreg.com, to offer for sale infringing products. As described below, Defendant has committed, and continues to commit, acts of patent infringement giving rise to this action within this District.

## VENUE

8. Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed, and continues to commit, acts of patent infringement in this District, and Plaintiff has suffered harm in this District.

## U.S. PATENT NO. 9,395,917

9. On July 19, 2016, United States Patent No. 9,395,917 ("the '917 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '917 Patent is titled "Electronic Display with a Virtual Bezel." A true

and correct copy of the '917 Patent is attached hereto as **Exhibit A** and incorporated herein by reference.

10. Onscreen Dynamics is the assignee of all rights, title, and interest in the '917 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '917 Patent. Accordingly, Onscreen Dynamics possesses the exclusive right and standing to prosecute the present action for infringement of the '917 Patent by Defendant.

11. The claimed invention of the '917 Patent relates to the use of a virtual bezel as part of a touchscreen display of an electronic device. The '917 Patent describes an electronic device having a touchscreen display comprising at least two areas: (1) a primary touchscreen display area configured to process a first set of touch-based inputs from a user; and (2) a secondary touchscreen display area, which may function as a "virtual bezel" to prevent unintended touches by the user's hand and avoid unexpected interactions with the device.

12. The claimed inventions of the '917 Patent are directed to technical problems related to how to prevent unintended registering of touching of a touchscreen electronic display and thereby avoid unintended actions. Those problems also included placing components and controls – for example, a camera, a speaker, or sensors - to avoid obstruction of the content on the touchscreen display. Those technical problems further included increasing display area while providing functionality of a physical bezel.

13. In order to improve the possible touchscreen display area that could be available to the user for viewing display content and for interaction with the electronic device, the ‘917 Patent describes devices and methods that use or provide a virtual bezel. For example, the ‘917 Patent describes an electronic device with a touchscreen display comprising an active touchscreen region and a virtual bezel area. The active touchscreen region functions to process a first set of touch-based inputs from a user of the electronic device according to a first mode of operation, and the virtual bezel area functions to process a second set of touch-based inputs from a user of the electronic device according to a second mode of operation.

14. The technological improvements described and claimed in the ‘917 Patent were not conventional or generic at the time of the invention. Rather, they embodied novel and nonobvious solutions to problems and shortcomings existing in the art at that time.

**COUNT I: INFRINGEMENT OF THE ‘917 PATENT**

15. Plaintiff incorporates the above paragraphs 1-14 herein by reference.

16. Defendant has been and continues to directly and indirectly infringe at least claims 1, 2, 4, 7, and 9 of the ‘917 Patent in this District and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, used vehicles manufactured in 2018 or later that incorporate and/or utilize technology covered by the ‘917 Patent, including at least the following models: 2021 Audi q5, 2021 Audi a6, 2020-2022 Audi A4; 2018-2023 Mazda CX-5;

2019-2023 Jeep Wrangler; 2019-2021 Ram 1500; and 2022 Chevrolet Silverado 1500 (collectively the "Accused Products").

17. By way of example, Defendant has offered for sale a 2021 Mazda CX-5 Touring, Stock n=No. 0392271, VIN JM3KFACM3M0392271, with 55,599 miles and an advertised price of $18,500, through the HGreg website at https://www.hgreg.com/used-mazda-orlando. As of September 1, 2026, HGreg's website also listed 20 Mazda CX-5 vehicles for sale at https://www.hgreg.com/used-mazda-cx+5-orlando?price_sort=6. Additionally, as of the same date, Defendant offered for sale at least the following other Accused Product: a 2022 Chevrolet Silverado 1500 Custom, VIN 1GCRABEKXNZ613224, advertised for $22,500.

18. For example, the sale, use, or offer for sale of the Accused Products infringes at least Claims 1, 2, 4, 7, and 9 of '917 Patent, as shown in the attached exemplary claim charts at **Exhibits B–D**.

19. Moreover, Defendant's acts of direct and indirect infringement of the '917 Patent occurred with Defendant's full knowledge that the use, sale, and/or offer for sale of the Accused Products constitutes infringement of the '917 Patent. Specifically, at least as early as the filing and service of the Complaint, Defendant was made aware of the '917 Patent and of the fact that Defendant was using, selling, and/or offering for sale infringing products. Despite this notice, Defendant continues to use, sell, and/or offer for sale the Accused Products. Defendant's customers also directly infringe the '917 Patent through their use of the Accused Products.

20. Onscreen Dynamics is entitled to recover damages adequate to compensate it for Defendant's infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

21. Onscreen Dynamics will continue to suffer harm from Defendant's infringement, including irreparable harm, unless and until this Court enters an injunction prohibiting further infringement of the '917 Patent.

## JURY DEMAND

22. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '917 Patent is valid and enforceable;

B. A judgment that Defendant has infringed one or more claims of the '917 Patent either literally and/or under the doctrine of equivalents;

C. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for all damages adequate to compensate Plaintiff for Defendant's infringement, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as permitted by law.

D. That Defendant be permanently enjoined from any further activity or conduct that infringes; and

E. That Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper under the circumstances.

**Dated:** September 4, 2026

Respectfully submitted,

/s/ Terry M. Sanks,
Terry M. Sanks, Esq.
Florida Bar No.: 154430
Liandra Isquierdo, Esq.
Florida Bar No.: 1033468
BEUSSE SANKS, PLLC
612 E. Colonial Drive, Suite 250
Orlando, FL 32803
(407) 644-8888
tsanks@firstiniplaw.com
lizquierdo@firstiniplaw.com
litigation@firstiniplaw.com

***Counsel for Plaintiff***
***Onscreen Dynamics LLC***